UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | **Case No.** 2:25-cv-890 |
| Plaintiff, | ) | |
| | ) | **Judge** |
| v. | ) | |
| | ) | **Magistrate Judge** |
| | ) | |
| FRANCES J. SADAR, | ) | *State Court Criminal* |
| | ) | *Case No. 2025CRB00165,* |
| Defendant. | ) | *Jefferson County Court #2* |

## NOTICE OF REMOVAL

1. Under 28 U.S.C. §§ 1442 and 1455, Defendant Frances J. Sadar, Postmaster of the Mingo Junction Post Office, hereby submits this Notice of Removal of *State of Ohio v. Frances J. Sadar*, 2025CRB00165 from the Jefferson County Court in Jefferson County, Ohio, to the United States District Court for the Southern District of Ohio, Eastern Division. The Jefferson County Court docket is attached at Exhibit A.

2. Defendant Frances J. Sadar is the Postmaster of the Mingo Junction Post Office at 679 Commercial Street, Mingo Junction, OH 43938. Postmaster Sadar is a full-time, permanent employee of the United States Postal Service. Defendant Sadar has been Postmaster of the Mingo Junction Post Office since 2017. Postmaster Sadar has been employed by the United States Postal Service since 2002.

3. Postmaster Sadar supervises Michele Berarducci, a Part-Time Flexible Clerk (PTF Clerk) employed by the United States Postal Service in the Mingo Junction Post Office.

4. On July 21, 2025, Sheriff's Deputy Chris Horner of the Jefferson County Sheriff's Office met with Postmaster Sadar at the Mingo Junction Post Office. Deputy Horner told Postmaster Sadar that Michele Berarducci had accused Postmaster Sadar of driving past her house and making multiple harassing phone calls. Postmaster Sadar explained that she was Clerk Berarducci's supervisor and had left a voicemail with Clerk Berarducci regarding leave slips to sign, and that she had sent Clerk Berarducci correspondence regarding Clerk Berarducci's absence from her Postal Service job and seeking medical documentation regarding that absence. Postmaster Sadar also explained that she had never been by Ms. Berarducci's house. Deputy Horner said it did not sound like criminal charges but instead was a personality conflict. Deputy Horner told Postmaster Sadar "don't worry about it."

5. On July 25, 2025, Postmaster Sadar was personally served at the Mingo Junction Post Office with a *Summons Upon Complaint* and *Complaint*. The State of Ohio charged Postmaster Sadar with the minor misdemeanor of "Disorderly Conduct." The State of Ohio charged that "Frances J. Sadar, in Steubenville Township, Jefferson County, on or about June 17, 2025, unlawfully did recklessly cause inconvenience, annoyance, or alarm to another by making unreasonable noise

2

or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person in violation of § 2917.11(A)(2), 2917.11(B)(2),[1] **Disorderly Conduct**, a minor misdemeanor." The State summoned Postmaster Sadar to appear for arraignment on 07/28/2025 at 1:30 PM. Postmaster Sadar was instructed to submit to fingerprinting immediately after the arraignment. A copy of the *Summons Upon Complaint* and *Complaint* served upon Postmaster Sadar is attached at Exhibit B.

6.  Postmaster Sadar did not have any interaction with Clerk Berarducci on or about June 17, 2025. While Postmaster Sadar worked on June 17, Clerk Berarducci did not work on that date. Further, Postmaster Sadar had no communications with Clerk Berarducci on that date, let alone any communications that could constitute disorderly conduct on that or any other date. When Postmaster Sadar communicated with Clerk Berarducci, she did so in her official capacity as a Postmaster of the United States Postal Service on work-related matters such as work assignments and leave from the office, like she explained to Deputy Horner. Further, Postmaster Sadar has never been intoxicated. Indeed, Postmaster Sadar does not even drink alcohol: she cannot do so given her serious autoimmune

---

[1] The State of Ohio appears to have mistakenly cited O.R.C. § 2917.11(B)(2), which states that "[n]o person, while voluntarily intoxicated, shall . . . (2) [e]ngage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another." It appears the State meant to cite to § 2917.11(B)(1), which states that no such person shall . . . "(1) [i]n a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others." Postmaster Sadar has never been intoxicated in any event.

condition that has existed for many years. Postmaster Sadar has no idea how the State of Ohio can legitimately charge her with disorderly conduct.

7. At the arraignment on July 28, 2025, Postmaster Sadar appeared without counsel. The Prosecutor did not appear. Postmaster Sadar asked Judge Bednar for a continuance so that she could obtain counsel. Judge Bednar instructed Postmaster Sadar to plead not guilty because that was the same thing as a continuance. Postmaster Sadar asked the Bailiff for a copy of the not guilty plea she signed, and Judge Bednar informed Postmaster Sadar to have her attorney contact him and to obtain a copy of the not guilty plea she signed that day. Postmaster Sadar left the arraignment and went to the Jefferson County Justice Center to submit for fingerprinting.

8. After July 30, 2025, Postmaster Sadar received by regular first class mail the attached letter dated July 29, 2025. The letter informed her of a pretrial hearing at 2:00 PM on August 11, 2025. The Court recently informed Postmaster Sadar by telephone that this hearing was rescheduled to Monday, August 18, at 2:00 p.m.

9. Pursuant to 28 U.S.C. § 1442(a), a criminal prosecution commenced against an officer of the United States in a state court "for or relating to any act under color of [federal] office" may be removed to the district court for the district and division embracing the place where the state court action is pending. The removal of a criminal prosecution must be filed no later than 30 days after the arraignment in state court. 28 U.S.C. § 1455(b)(1).

10. Filing a Notice of Removal does not stay or prevent further state court proceedings. *Id.* at (b)(3). But the state court may not enter a judgment of conviction unless the United States district court remands the prosecution. *Id.* Upon the filing of a Notice of Removal, "the United States district court . . . shall examine the notice promptly," and may order summary remand only "[i]f it clearly appears . . . that removal should not be permitted[.]" *Id.* at (b)(4). If this Court does not order summary remand, it shall set an evidentiary hearing to determine whether it has jurisdiction. *Id.* at (b)(5). The evidentiary hearing is to be held promptly. *Id.* If the Court determines that removal shall be permitted, it shall notify the state court that it shall not proceed further. *Id.*

11. Pursuant to 28 U.S.C. §§ 1442(a) and 1455(a), this Notice of Removal is being filed in the United States District Court for the Southern District of Ohio, Eastern Division, which is the federal district court "embracing the place wherein [the criminal prosecution] is pending." 28 U.S.C. § 1442(a). This Notice of Removal is timely as it is filed no later than 30 days after the Arraignment. By removing this case to federal court, Postmaster Sadar does not waive any available defense, nor does she admit any allegations in the Information. Grounds for removal to federal court exist in this case. "The officer need not win his case before [s]he can have it removed." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). To qualify for removal, a defendant need only show (1) that the conduct concerns actions undertaken as a federal officer, (2) that the act is under color of office, and (3) that the defendant has

5

raised a colorable federal defense. *Mesa v. California*, 489 U.S. 121 (1989) (discussing cases); *Willingham*, 395 U.S. 402, 406–07 (stating that the federal officer removal statute covers all cases where federal officers can raise a colorable federal defense arising out of their duty to enforce federal law and that a "narrow, grudging interpretation of § 1442(a)(1)" is inappropriate).

12. The first two elements of removal are met because Postmaster Sadar was a federal employee of the United States Postal Service. The Postal Service is an independent establishment of the executive branch of the United States. 39 U.S.C. § 201. Postmaster Sadar acted under color of office as the Postmaster of the Mingo Junction Post Office when interacting with Clerk Michele Berarducci. Postmaster Sadar acted at all times in her official capacity as Clerk Berarducci's direct supervisor. Postmaster Sadar's supervising Clerk Berarducci entails direction concerning job duties, leave, and medical documentation for absence. This is the kind of conduct Postmaster Sadar is employed to perform in supervising employees of the Postal Service. Postmaster Sadar has performed such supervisory duties for many years.

13. Postmaster Sadar's removal is supported by a colorable federal defense to the State of Ohio's criminal prosecution. *Mesa*, 489 U.S. at 126–35. Postmaster Sadar is entitled to official immunity under the Supremacy Clause. Supremacy Clause immunity limits when states can prosecute federal employees for alleged violations of state law committed in the course of their federal duties. Under the Supremacy

6

Clause, federal officers are immune from state prosecutions for actions reasonable and necessary in the discharge of their federal responsibilities. Where a federal officer alleges Supremacy Clause immunity as a defense, removal is appropriate. Here, Postmaster Sadar's conduct in her interactions with Clerk Berarducci was motivated by the purpose to serve the United States Postal Service, and her communications with Clerk Berarducci arose directly from her supervisory responsibilities. Postmaster Sadar had an objectively reasonable and well-founded basis to believe her actions were necessary to carry out her duties as Postmaster.

14. Postmaster Sadar and the United States are entitled to the protection of this federal forum against the State of Ohio's criminal prosecution. The criminal prosecution interferes in the federal employment relationship. Indeed, Congress has granted to the Postal Service various rights concerning the employment relationship, including "(1) to direct officers and employees of the Postal Service in the performance of official duties; (2) to hire, promote, transfer, assign, and retain officers and employees in positions within the Postal Service . . . ; (4) to maintain the efficiency of the operations entrusted to it; . . . [and] (5) to determine the methods, means, and personnel by which such operations are to be conducted . . . ." 39 U.S.C. § 1001(e). Further, Congress has extensively legislated in the federal employment arena. State prosecution of supervisors who are carrying out their official duties violates the Supremacy Clause and disrupts the federal employment

7

relationship. Therefore, strong grounds exist for this Court to hear Postmaster Sadar's federal defense of immunity from state court prosecution.

15. Postmaster Sadar is timely removing this action within the 30-day timeframe established in 28 U.S.C. § 1455(b). Further, copies of all process and pleadings that have been served to Postmaster Sadar are attached to this Notice of Removal.

16. For the foregoing reasons, Postmaster Sadar and the United States submit that removal is proper under 28 U.S.C. §§ 1442(a) and 1455.

        Respectfully submitted,

        KELLY A. NORRIS
        Acting United States Attorney

        s/John J. Stark
        JOHN J. STARK (0076231)
        Assistant United States Attorney
        303 Marconi Boulevard, Suite 200
        Columbus, Ohio 43215
        Phone: (614) 469-5715
        john.stark@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on August 8, 2025, I caused the foregoing Notice of Removal to be filed electronically using the CM/ECF system, and that on the same date I caused a copy of this notice to be served Prosecuting Attorney Emanuela Argesta by email to eagresta@jcprosecutor.com and Federal Express to the Jefferson County Prosecutor's Office, 16001 OH-7, Steubenville, OH 43952.

                                                s/John J. Stark
                                                John J. Stark
                                                Assistant United States Attorney

# 2025CRB00165 STATE OF OHIO vs. SADAR, FRANCES J

- Case Type:
- CRIMINAL MISDEMEANOR
- File Date
- 07/23/2025
- Action:
- DISORDERLY CONDUCT
- Status Date:
- 07/29/2025
- Case Judge:
- Bednar, Michael C
- Next Event:
- 08/11/2025

**EXHIBIT A**

**All Information** | Party | Charge | Ticket/Citation # | Event | Docket | Financial | Disposition

## Party Information

**SADAR, FRANCES J**
- DEFENDANT

- DOB
- xx/xx/1967
- DOD
- Disposition
- Disp Date

- Address
- 1215 TOWNSHIP ROAD 138
  DILLONVALE, OH 43917
- Phone

Alias

Party Attorney

**More Party Information**

**HORNER, CHRIS**
- OFFICER/COMPLAINANT

- DOB
- DOD
- Disposition
- Disp Date

- Address
- Phone

Alias

Party Attorney

**More Party Information**

**AGRESTA, EMANUELA**
- Prosecuting Attorney

- DOB
- DOD
- Disposition
- Disp Date

- Address
- Phone

Alias

Party Attorney

**More Party Information**

## Party Charge Information

- SADAR, FRANCES J
- DEFENDANT
  - **Charge # 1:**
    **2917.11 - Minor Misdemeanor      DISORDERLY CONDUCT**
    **Counts:**

- Original Charge
- 2917.11 DISORDERLY CONDUCT (Minor Misdemeanor)
- Amended Charge

- Ticket #
- Jurisdiction
- JEFFERSON COUNTY SHERIFF
- Offense Location
- Offense Date
- 06/17/2025
- Officer

[Sentencing Information]

## Ticket/Citation #

**Citation # : - JEFFERSON COUNTY SHERIFF**
**Offense Date**

- Agency
- Officer
- HORNER, CHRIS(44)
- Second Officer
- Complainant

- Speed Cited
- Speed Limit
- Location
- Insured/Proof
- Accident
- Work Zone
- Haz Mat
- Points
- Priors
- License Taken
- BAC

- Drivers License
- Expiration
- State
- Type

- Plate
- State
- Year
- Type
- Style
- Color

## Events

| Date | Location | Type | Event Judge | Result |
|---|---|---|---|---|
| 07/28/2025 01:30 PM | Courtroom | ARRAIGNMENT | Bednar, Michael C | HEARING HELD |
| 08/11/2025 02:00 PM | Courtroom | PRE-TRIAL | Bednar, Michael C | |

## Docket Information

| Date | Docket Text | Amount Owed | Amount Due |
|---|---|---|---|
| 07/23/2025 | CITATION/COMPLAINT | | |
| 07/23/2025 | Case is not payable online at this time | $0.00 | $0.00 |
| 07/23/2025 | SUMMONS TO BE SERVED VIA PERSONAL SERVICE BY JEFFERSON COUNTY SHERIFF'S DEPARTMENT<br>A (n)SUMMONS UPON COMPLAINT was generated and sent to:<br>DEFENDANT: FRANCES J SADAR 1215 TOWNSHIP ROAD 138, DILLONVALE, OH 43917 | | |

| Date | Docket Text | Amount Owed | Amount Due |
|---|---|---|---|
| 07/23/2025 | HEARING SCHEDULED<br>Judge: Bednar, Michael C<br>Event: ARRAIGNMENT<br>Date: 07/28/2025  Time: 01:30 PM | | |
| 07/23/2025 | MISDEMEANOR FILING FEE | $95.00 | $95.00 |
| 07/23/2025 | FINE AMOUNT<br>Charge #1: DISORDERLY CONDUCT | $195.00 | $195.00 |
| 07/25/2025 | SHERIFF FEES<br>DEFENDANT WAS SERVED VIA PERSONAL SERVICE ON 7/25/2025 | $47.00 | $47.00 |
| 07/28/2025 | NOT GUILTY PLEA<br>Event: ARRAIGNMENT     07/28/2025 01:30 PM<br>Jurisdiction: WINTERSVILLE COURT 2    Locality:<br>Judicial Officer: Bednar, Michael C<br>Order: NGP NOT GUILTY PLEA<br>Party Charge 1 | | |
| 07/28/2025 | CASE ASSIGNED TO JUDGE | | |
| 07/29/2025 | HEARING SCHEDULED<br>Judge: Bednar, Michael C<br>Event: PRE-TRIAL<br>Date: 08/11/2025  Time: 02:00 PM | | |
| 07/29/2025 | DOCUMENT CREATED<br><br>(n)HEARING NOTICE (CR/TR)<br>Sent On:  07/29/2025 09:11:39<br>Notice Sent To:  FRANCES J SADAR 1215 TOWNSHIP ROAD 138, DILLONVALE, OH 43917<br>Notice Sent To:  EMANUELA AGRESTA No addresses available<br>Notice Sent To:  MICHELE BERARDUCCI 7550 STATE ROUTE 213, TORONTO, OH 43964 | | |

## Financial Summary

| Cost Type | Amount Owed | Amount Paid | Amount Adjusted | Amount Outstanding |
|---|---|---|---|---|
| COST | $47.00 | $0.00 | $0.00 | $47.00 |
| FILING FEE | $95.00 | $0.00 | $0.00 | $95.00 |
| FINE | $195.00 | $0.00 | $0.00 | $195.00 |
| | $337.00 | $0.00 | $0.00 | $337.00 |

⊘

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| AJ07-TRANSFER (AJ) | 07/29/2025 | Bednar, Michael C |
| IJ14-PARTY UNAVAILABLE (IJ) | 07/29/2025 | Bednar, Michael C |

# JEFFERSON COUNTY COURT #2
## 512 Main Street
## Wintersville, OH 43953
## Phone: 740-264-7644



EXHIBIT B

STATE OF OHIO

vs

FRANCES J SADAR
1215 TOWNSHIP ROAD 138
DILLONVALE, OH 43917

TO: FRANCES J SADAR

**SUMMONS UPON COMPLAINT**

2025CRB00165

**FILED**

JUL 23 2025

Jefferson County Court
District Number 2
Wintersville, Ohio

A Complaint, a copy of which is attached hereto, has been filed in the above captioned Court charging that you are in violation of:

2917.11        DISORDERLY CONDUCT        MM

You are hereby summoned and ordered to appear on **07/28/2025 at 01:30 PM**, in this court.

If you fail to appear at the time and place above you may be arrested.

_____
Deputy Clerk

The address of the Court is: 512 Main Street, Wintersville, OH 43953

*Special Instructions: PER COURT'S ORDER YOU ARE HEREBY INSTRUCTED TO SUBMIT TO FINGERPRINTING AT THE JEFFERSON COUNTY JUSTICE CENTER IMMEDIATELY FOLLOWING YOUR ARRAIGNMENT. "FAILURE TO COMPLY MAY RESULT IN FURTHER PENALTY."

WITNESS my signature and the seal of said Court July 23, 2025.

_____, clerk

FRANCES J SADAR
1215 TOWNSHIP ROAD 138
DILLONVALE, OH 43917

7517254

**FILED**

IN THE JEFFERSON COUNTY COURT
DISTRICT NO. 2-WINTERSVILLE COURT

JUL 23 2025

Jefferson County Court
District Number 2
Wintersville, Ohio

**SUMMONS**
1 Ct. Disorderly Conduct (MM)

STATE OF OHIO,

Plaintiff

CASE NO. 25CRB165

VS.

FRANCES J. SADAR
1215 Township Road 138
Dillonvale, OH 43917
DOB: 9/13/1967
SSN: 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
Incident #: 06-25-002853

**COMPLAINT**
(RULE 3) (RULE 4)

Defendant.

**Count One**

Complainant being duly sworn states that Frances J. Sadar, in Steubenville Township, Jefferson County, on or about June 17, 2025, unlawfully did recklessly cause inconvenience, annoyance, or alarm to another by making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person in violation of §2917.11(A)(2), 2917.11(E)(2), Disorderly Conduct, a minor misdemeanor.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

CAPT. Gary Slates

Sworn before me by Gary Slates, on this 16th day of July, 2025.

Deputy Christopher Horner
Jefferson County Sheriff's Office

Kimberly A. Kelley
JUDGE/Clerk/Notary Public

KIMBERLY A. KELLEY
Notary Public
In and for the State of Ohio
My Commission Expires
September 25, 2028

# JEFFERSON COUNTY COURT #2
## 512 Main Street
## Wintersville, OH 43953
## Phone: 740-264-7644

STATE OF OHIO

**SUMMONS UPON COMPLAINT**

vs

2025CRB00165 **FILED**

FRANCES J SADAR
1215 TOWNSHIP ROAD 138
DILLONVALE, OH 43917

JUL 2 3 2025

Jefferson County Court
District Number 2
Wintersville, Ohio

TO: **FRANCES J SADAR**

A Complaint, a copy of which is attached hereto, has been filed in the above captioned Court charging that you are in violation of:

2917.11    DISORDERLY CONDUCT    MM

You are hereby summoned and ordered to appear on **07/28/2025 at 01:30 PM**, in this court.

If you fail to appear at the time and place above you may be arrested.

_____
Deputy Clerk

The address of the Court is: 512 Main Street, Wintersville, OH 43953

*Special Instructions: PER COURT'S ORDER YOU ARE HEREBY INSTRUCTED TO SUBMIT TO FINGERPRINTING AT THE JEFFERSON COUNTY JUSTICE CENTER IMMEDIATELY FOLLOWING YOUR ARRAIGNMENT. "FAILURE TO COMPLY MAY RESULT IN FURTHER PENALTY."

WITNESS my signature and the seal of said Court July 23, 2025.

_____ clerk

FRANCES J SADAR
1215 TOWNSHIP ROAD 138
DILLONVALE, OH 43917

7517254

**FILED**
JUL 23 2025
Jefferson County Court
District Number 2
Wintersville, Ohio

**IN THE JEFFERSON COUNTY COURT**
**DISTRICT NO. 2-WINTERSVILLE COURT**

**SUMMONS**
1 Ct. Disorderly Conduct (MM)

STATE OF OHIO,

Plaintiff

VS.

CASE NO. 25CRB165

FRANCES J. SADAR
1215 Township Road 138
Dillonvale, OH 43917
DOB:
SSN:
Incident #: 06-25-002853

**COMPLAINT**
(RULE 3) (RULE 4)

Defendant.

**Count One**

Complainant being duly sworn states that Frances J. Sadar, in Steubenville Township, Jefferson County, on or about June 17, 2025, unlawfully did recklessly cause inconvenience, annoyance, or alarm to another by making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person in violation of §2917.11(A)(2), 2917.11(E)(2), Disorderly Conduct, a minor misdemeanor.

The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

Sworn before me by Gary States, on this 16th day of July, 2025.

Deputy Christopher Horner
Jefferson County Sheriff's Office

JUDGE/Clerk/Notary Public
KIMBERLY A. KELLEY
Notary Public
In and for the State of Ohio
My Commission Expires
September 25, 2028